UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CRISTIAN GARCIA,<br><br>    Plaintiff<br><br>v.<br><br>SPARKS POLICE DEPARTMENT<br>OFFICER J. TAVCAR, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00308-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1. 1-1 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants Sparks Police Officers J. Tavcar, Eddie, and John Doe #2. He alleges that on June 10, 2023, he went to the scene, and told officers he was his sister's ride. He alleges officers yelled at him, stating he was obstructing as he waited by his car. His sister's ex-boyfriend came out, and he asked how it was going and he pointed to his car, and Plaintiff responded, "that['s] messed up" and indicated he was leaving. At that point, Officer J. Tavcar and John Doe #2 came and attacked him while he was trying to leave by slamming him to the ground. They left his phone and arrested Plaintiff. He includes as exhibits to his complaint photos of abrasions on his body.

Liberally construing this pro se Plaintiff's allegations, the court finds he states a colorable claim for excessive force under the Fourth Amendment against Officer Tavcar and John Doe #2. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard.). Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can be subsequently determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of John Doe #2 comes to light during discovery, Plaintiff may move to amend his complaint to assert claims against that defendant at that time, provided the motion for leave to amend is filed within the parameters of any operative scheduling order deadline.

Plaintiff does not include any allegations about "Officer Eddie." However, Plaintiff will be given leave to amend to attempt to assert a claim against Officer Eddie.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint shall **PROCEED** with his Fourth Amendment excessive force claim against Officer Tavcar and John Doe #2. If the true identity of John Doe #2 comes to light during discovery, Plaintiff may move to amend his complaint to assert claims against that defendant at that time, provided that the motion for leave to amend is filed within the parameters of any operative scheduling order deadline.

(4) Plaintiff's Fourth Amendment claim against Officer Eddie is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has **30 days** from the date of this Order, to file an amended

4

complaint correcting the deficiencies noted above with respect to Officer Eddie. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly denote that the complaint is his amended complaint. If Plaintiff fails to file an amended complaint within the 30 days, the action will proceed only with the Fourth Amendment excessive force claim against Officer Tavcar and John Doe #2 (once identified).

(5) The Clerk of Court shall **ISSUE** a summons for Officer Tavcar, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** a copy of the complaint and this Order to the U.S. Marshal for service on the Officer Tavcar. The Clerk shall **SEND** to Plaintiff a USM-285 form.  Plaintiff has **21 days** within which to furnish to the U.S. Marshal the completed USM-285 form with relevant information for Officer Tavcar. The completed form can be sent to the U.S. Marshal at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if the defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(6)  Under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A

motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(7) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

Dated: August 8, 2023

_____
Craig S. Denney
United States Magistrate Judge